# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLIN SACKEY,
　　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　　Agency.

DOCKET NUMBER
NY-0752-15-0098-I-1

DATE: July 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Soledad Nunez, Bridgeport, Connecticut, for the appellant.

Leslie L. Rowe, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appellant's removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The nonpreference-eligible appellant filed a timely appeal with the Board challenging his removal from the position of Letter Carrier and arguing that his removal was based on race discrimination. Initial Appeal File (IAF), Tab 1. The administrative judge issued a show cause order on jurisdiction. IAF, Tab 3. In the order, the administrative judge informed the appellant of the jurisdictional issues in his appeal and ordered him to submit evidence and argument to meet his burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. *Id*. at 1. The appellant did not respond to the order, and the administrative judge dismissed the appeal for lack of jurisdiction without holding the hearing requested by the appellant. IAF, Tab 5, Initial Decision (ID) at 1.

¶3      In the initial decision, the administrative judge found that the appellant failed to establish that the Board has jurisdiction over his removal appeal because there was no dispute that he is not preference-eligible, he held a craft position, and his bargaining unit was represented by the National Association of Letter Carriers (NALC). ID at 3; *see* IAF, Tab 1 at 1, 4, 6. Based on these undisputed facts, the administrative judge held that the appellant is not an employee with the right to appeal an adverse action to the Board. ID at 3. The administrative judge also found that the appellant's claim of race discrimination was not an

independent source of Board jurisdiction.  *Id.*  The appellant filed a petition for review arguing the merits of his appeal, and he attached various documents that have no apparent relevance to the issue of jurisdiction.  Petition for Review File, Tab 1.

¶4        The appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).  To appeal an adverse action under 5 U.S.C. § 7512, a Postal Service employee (1) must be a preference eligible as defined by 5 U.S.C. § 2108, or a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential, clerical capacity, and (2) must have completed one year of current, continuous service in the same or similar positions.  IAF, Tab 3 at 1; *see* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *see also Dodson v. U.S. Postal Service*, 67 M.S.P.R. 84, 86 (1995).  On review, the appellant does not dispute the administrative judge's finding that he has no right to appeal his removal because he is not preference-eligible, and he held a craft position in a bargaining unit represented by NALC.  ID at 3.  We therefore find no reason to disturb the initial decision dismissing his appeal for lack of jurisdiction, and we deny his petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____

                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.